**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 98-4814

SHAQUAN LOVELY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-98-247)

Submitted: October 26, 1999

Decided: November 10, 1999

Before ERVIN,* NIEMEYER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Jane B. Taylor, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

_____

*Judge Ervin was assigned to the panel in this case but died prior to
the time the decision was filed. The decision is filed by a quorum of the
panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Shaquan Lovely was convicted by a jury of possession of a firearm by a convicted felon, see 18 U.S.C.A. § 922(g)(1) (West Supp. 1999). The jury deadlocked on three counts of drug trafficking, and the district court later dismissed those counts on the government's motion. Lovely appeals his 78-month sentence, contending that the district court clearly erred in finding that he possessed the firearm in connection with another felony. See U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (1998). Lovely seeks leave to file a pro se supplemental brief and reply brief in which he alleges that he received ineffective assistance of counsel, that the district court coerced a verdict, and that the court failed to re-instruct the jury in response to a question about conspiracy. Lovely also has requested transcripts of all proceedings below and permission to inspect the grand jury minutes. After a thorough review of the entire record, we affirm the conviction and the sentence. We grant Lovely's motions to file a supplemental brief and reply brief, to amend his supplemental brief, and to file additional documents, but we deny his remaining motions.

Federal drug task force agents made a controlled delivery of a package containing six pounds of marijuana to Victoria Jackson, who immediately passed the package on to Keisha Shropshire, the resident of the apartment below her. Shropshire agreed to cooperate with the agents. She said she had received the package for Lovely, and had been paid to do so before. She spoke to Lovely several times by telephone to let him know the package had arrived. A short time later, Lovely came to Shropshire's apartment, picked up the package of marijuana, and put it in his van. He was then arrested. Lovely had a .45 caliber pistol in his pocket. In his van, the agents found a plastic bag of marijuana seeds, a portable electronic scale, and .45 caliber ammunition.

2

At Lovely's trial on drug and firearm charges, one of the agents testified that Lovely was interviewed immediately after his arrest and told the agents he was being paid to deliver the package to another person at a mall game room, but that Lovely had refused to cooperate any further, saying that he feared harm to his family would result. Lovely did not testify at trial. The sole defense witness, Ronald Jefferson, testified that he borrowed Lovely's truck on the day Lovely was arrested and left his gun and ammunition under the driver's seat. The jury found Lovely guilty of the felon-in-possession count, but deadlocked on the remaining counts. At sentencing, over Lovely's objection, the district court credited Shropshire's trial testimony, found that Lovely had possessed the pistol in connection with drug trafficking and added four offense levels under USSG§ 2K2.1(b)(5).

On appeal, Lovely argues that the district court failed to consider evidence he presented in an effort to persuade the court that Shropshire was not a credible witness. However, the credibility of witnesses is a matter entirely within the discretion of the fact finder and is not reviewable on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Given that the court found Shropshire's testimony credible with regard to Lovely's knowing involvement in the marijuana conspiracy, its factual finding that Lovely possessed the firearm in connection with drug trafficking was not clearly erroneous.

We have considered Lovely's arguments concerning the enhancement under § 2K2.5(b)(5) and find them to be without merit. Lovely's claim of ineffective assistance of counsel should be raised in a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1999). Our examination of the trial record discloses that the jurors agreed to convict Lovely of one count before they informed the district court that they were deadlocked on the remaining counts. As became apparent later, they had agreed to convict on the felon-in-possession count. Lovely's claim that the verdict was coerced is thus baseless. We find also that the district court's re-reading of its instruction on conspiracy in response to the jury's question was entirely proper.

We therefore affirm the conviction and sentence. We grant Lovely's motions for leave to file and amend a supplemental brief, to file a reply brief, and to file additional documents. We deny his request for additional transcripts, for a complete copy of the proceedings in

3

the district court, and for leave to inspect the grand jury minutes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4